**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0554n.06

**No. 07-5980**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 11, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIE JOHNNY ODOMS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**BEFORE: BOGGS, Chief Judge, and ROGERS and WHITE, Circuit Judges.**

**WHITE, Circuit Judge**. Following a jury trial, defendant Willie Johnny Odoms (Odoms) was found guilty of being a felon in possession of a firearm (count 1), in violation of 18 U.S.C. § 922(g)(1), and being a felon in possession of body armor (count 2), in violation of 18 U.S.C. § 931(a)(1). The district court sentenced Odoms to concurrent terms of 235 months' imprisonment on count 1 and 36 months' imprisonment on count 2. Odoms appeals, challenging his sentences. He asserts that the district court abused its discretion by failing to consider the mitigating factors submitted in his sentencing memorandum, and that this failure constituted both procedural and substantive sentencing error. We disagree, and affirm.

**I**

At Odoms's jury trial, testimony established that on June 29, 2006, Odoms drove to the Tie Dye Tattoo shop in Knoxville, Tennessee, where he conversed and argued with the owner of the

shop. Odoms left the shop in a red Dodge Intrepid. Later, a different red automobile, occupied by unidentified men, approached the shop with a gun sticking out of a rear window. The owner and several others ran inside and called the police, who arrived soon after. The owner described Odoms and his vehicle to the police and advised that Odoms drove west on Sutherland Avenue when he left.

Knoxville Police Officer Michael Fowler was one of the officers who responded to the call. Officer Fowler drove west on Sutherland Avenue, encountered Odoms driving, and activated his emergency equipment. Odoms stopped his vehicle and got out of the red Intrepid, and Fowler told him not to move. Officer Fowler placed his hand on Odoms's back and felt a bullet-proof vest. As Fowler tried to restrain Odoms with handcuffs, Odoms pulled away, grabbed Fowler and struck him, and then ran. Fowler caught up with a shirtless Odoms and took him into custody. The police recovered a bullet-proof vest along the path of the chase, and a loaded black revolver beneath the driver's seat of the red Intrepid. Odoms's fiancee testified that she owned the pistol, and had last seen the gun inside her house. She testified that Odoms owned a clothing store and wore body armor because "those stores get robbed."

The jury found Odoms guilty of both counts.

The Presentence Investigation Report (PSR) calculated Odoms's base offense level as 24. Because of prior convictions, Odoms was deemed an armed career criminal pursuant to U.S.S.G. § 4B1.4, subject to a total offense level of 33. The PSR calculated a criminal history category of VI, and the resultant Guidelines range as 235-293 months. The PSR identified four qualifying predicate convictions, two of which were for aggravated burglaries for which Odoms was sentenced on the

same day. Odoms objected to assignment of criminal history points to both convictions of aggravated burglary, arguing that proposed amendments to the Guidelines would group the convictions together and assess three, rather than six, points.[1] The court engaged in a colloquy with counsel, and resolved the issue by observing, consistent with an addendum to the PSR, that Odoms's ultimate Guidelines range would not be affected by application of the proposed amendments.

Odoms also asserted that mitigating personal circumstances merited a sentence at the low end of the Guidelines, or alternatively, a downward departure. The district court rejected these arguments, and sentenced Odoms to concurrent terms of 235 months' imprisonment on count 1, and 36 months' imprisonment on count 2. Odoms timely filed this appeal, challenging his sentences.

## II

Odoms argues that the district court erred and abused its discretion by failing to consider the mitigating factors submitted in defendant's Sentencing Memorandum.

After *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, rather than mandatory, and "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594 (2007); *see also United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). "[C]ourts of appeal must review all sentences–whether inside, just outside, or significantly outside the Guidelines range–under a

---

[1]Specifically, Odoms argued that under proposed amendments to the Guidelines that would take effect three months later (on November 1, 2007), the two convictions would not be counted separately because he was sentenced at the same time and there was no intervening arrest between the offenses. He argued that he would receive three criminal history points as opposed to six, and he would thus fall into Criminal History Category V, not VI.

deferential abuse-of-discretion standard." *Gall*, 128 S. Ct. at 591. The review is two-tiered: the court must review for both procedural and substantive error. *Id.* at 597.

When reviewing a sentencing determination, an appellate court must first ensure that the district court committed no significant procedural error, such as failing to calculate the Guidelines range properly, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to explain the chosen sentence adequately. *Gall*, 128 S. Ct. at 597.

> "Assuming that the district court's sentencing decision is procedurally sound, [an appellate court] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." [*Gall*, 128 S. Ct. at 597.] District courts are charged with imposing "a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing in § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006) (internal quotation marks omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597. Moreover, a sentence that falls within a properly calculated Guidelines range is accorded a rebuttable presumption of reasonableness. *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007).

*United States v. Madden*, 515 F.3d 601, 609 (6th Cir. 2008).

**A**

Odoms does not appeal the district court's determination regarding the scoring of the two aggravated-burglary convictions. Rather, he argues that the court's failure to address and consider his arguments regarding mitigating circumstances constitutes both procedural and substantive sentencing error. He does not distinguish between the two types of error in his brief, instead presenting one generalized argument.

Odoms asserts that the district court "erred, and abused its discretion by failing to consider the mitigating factors submitted to the court in the Defendant's Sentencing Memorandum." Odoms argues, in essence, that because the court addressed certain factors under § 3553(a) when explaining its chosen sentences, its failure to address others, including mitigating factors, demonstrates its failure to consider these factors. As Odoms did not object on this basis when sentenced, this court's review is for plain error. *United States v. Phillips*, 516 F.3d 479, 486-87 (6th Cir. 2008).

Contrary to Odoms's argument, the record is clear that the district court read Odoms's sentencing memorandum, which addressed mitigating circumstances. At sentencing, the district court stated on the record "Yes. I have read your sentencing memorandum. I thank you. Would you like to address it further?" In response, Odoms's counsel reiterated on the record several of the mitigating circumstances set forth in the sentencing memorandum:

> Just quickly, your Honor. This is a gentlemen that, although he wasn't born and raised here, he came here and started a family, owned his own business, was successful in that, even though he suffers from a very low I.Q. It's below average. I think that's something that's spelled out quite well. Once again, he has an infant child, his girlfriend is taking care of that infant child.

Later, after Odoms relied on counsel's mitigation arguments, the court stated that counsel had "done a good job representing you" and that the court had "studied your case, given it considerable attention." While it would have been preferable for the court to have expressly stated that the mitigating factors urged by counsel did not outweigh the other observations made by the court – that Odoms assaulted the officer when he attempted to arrest him, and that Odoms had an extensive and violent criminal history – the record is adequate to support that the court in fact considered the

arguments in favor of mitigation, but concluded they did not support a below-Guidelines sentence.

As such, Odoms has not established plain error.

Odoms's appellate brief further argues:

> Assuming *arguendo* that the trial court used the proper sentencing range of 235-293 months, then for the trial court to determine that a sentence of 235 months, at the lower end of the sentencing range, is reasonable without considering the personal characteristics of Odoms, then logic demands that factoring in these personal characteristics should result in a sentence below the 235 months imposed.

Because this argument is also based on the premise that the district court did not consider Odoms's

personal characteristics in fashioning a sentence, it too must fail.

Odoms has not shown that the Guidelines were improperly calculated, that the court treated

the Guidelines range as mandatory, that the court failed to consider the § 3553(a) sentencing factors,

that the sentence was based on clearly erroneous facts, or that the court failed to adequately explain

the sentence. *Gall*, 128 S. Ct. at 597. Thus, he has shown no procedural error, let alone plain

procedural error.

**B**

A sentence may be substantively unreasonable if it is selected arbitrarily, is based on

impermissible factors, or gives unreasonable weight to a particular factor. *United States v. Webb*,

403 F.3d 373, 385 (6th Cir. 2005); *Gall*, 128 S. Ct. at 597, 600-02.

Odoms's sentencing memorandum stated:

> 1.)     That the Defendant owned and operated a business and resided in Knoxville, East Tennessee area.
> 2.)     That the Defendant has a below average IQ.

3.) That the Defendant has one (1) infant child residing in Knoxville, Knox County, Tennessee, with the Defendant's girlfriend, Lisa Tanniehill.

4.) That the Defendant should be given credit for the pending Sentencing commissions [*sic*] proposed guideline changes, specifically, those giving him credit for offenses pled at the same time.

For the foregoing reasons the Defendant would respectfully request that the Court consider all of the above and sentence him to the lowest guideline range or in the alternative depart from the guideline range.

At sentencing, Odoms's counsel argued that these mitigating circumstances should be considered and result in a sentence at the low end of the Guidelines range or below the Guidelines range.

As discussed, although the district court did not specifically address the factors listed in the sentencing memorandum, the court stated that it had read the memorandum and then permitted further argument. The court acknowledged its obligation "to determine a sentence that is sufficient, but not greater than necessary, to comply with the purposes set out in 18 United States Code Section 3553(a)," stated the sentences it would impose, and found that "[t]his term reflects the lower area of the guidelines range. It is felt that this sentence will afford adequate deterrence and will provide just punishment."

In this circuit, a sentence that falls within the properly calculated Guidelines range enjoys "a rebuttable presumption of reasonableness" on review. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). There is no basis to conclude that district court was unaware of its authority to impose a below-Guidelines sentence. Nor is there a basis to conclude that the district court itself applied a presumption of reasonableness to any sentence within the Guidelines, which presumption

is applicable only on appellate review. *Rita v. United States,* 551 U.S. 338, 351 (2007) ("the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply"); *United States v. Wilms*, 495 F.3d 277, 280-81 (6th Cir. 2007). Nor do the mitigating circumstances advanced by Odoms render the Guidelines sentence substantively unreasonable, particularly since most of them are "not ordinarily relevant in determining whether a departure is warranted, *see* U.S.S.G. §§ 5H1.3 (mental and emotional conditions), 5H1.5 (employment record), 5H1.6 (family ties and responsibilities).

        For the foregoing reasons, we AFFIRM.