NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0773n.06

No. 09-5014

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 17, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ODELL WILLIAMS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | **O P I N I O N** |

BEFORE:     MOORE, SUTTON, and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.**  After pleading guilty to being a felon in possession of a firearm, Odell Williams was sentenced to a term of imprisonment at the lowest end of the Sentencing Guidelines range.  Williams appeals the sentence and argues that it is greater than necessary because the district court placed too much weight on his criminal history and did properly not account for his mitigating family circumstances.  Because Williams has failed to rebut the presumption of reasonableness that applies to sentences that are within the Guidelines range, we affirm.

## I. BACKGROUND

Williams was stopped by a police officer for driving with expired license plates.  Upon approaching the vehicle, police officers observed Williams place an open bottle of beer on the floor.  Williams then fled from the officers.  During their pursuit, officers observed Williams drop a loaded semi-automatic pistol.  The officers apprehended and arrested Williams.  A federal grand jury

returned a one-count indictment against Williams, charging him for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Williams pleaded guilty and the district court ordered the U.S. Probation Office to prepare a presentence investigation report (PSR).

The PSR showed that Williams has a long criminal record and numerous contacts with the judicial system. In 1989, Williams was convicted of two charges of unlawful possession of marijuana and cocaine with intent to distribute. In 1991, Williams was convicted of three charges of aggravated robbery, all of which involved a firearm. And in 1997, Williams was convicted of a charge of criminal attempt of unlawful possession of crack cocaine with an intent to distribute. In addition to these adult felony convictions, the PSR showed that Williams had juvenile convictions for attempted robbery with a deadly weapon, as well as assault and battery. Furthermore, Williams had an additional 1989 conviction for two charges of unlawful possession of a controlled substance, 2001 DUI and possession of a controlled substance convictions, a 2002 conviction for harassment and several recent convictions for driving with a revoked or suspended license. All told, the PSR determined that Williams had 13 criminal history points, producing a criminal history category of VI.

In response to the PSR, Williams filed a position paper that sought a reduced sentence pursuant to U.S.S.G. § 5H1.6, which allows a court—only when certain circumstances are present—to consider family responsibilities in determining whether a sentencing departure may be warranted. Specifically, Williams informed the court that his twenty-two year old daughter has bone marrow cancer, is confined to a wheelchair, and requires constant assistance to aid in her care.

Although he is not the primary care-giver, Williams stated that he assists in his daughter's care. Additionally, Williams explained that he also assists in the care of his own mother.

At sentencing, the district court adopted the findings of the PSR and found that a total offense level of 21 and criminal history category of VI produced a Guidelines range of 77 to 96 months of imprisonment. Williams again renewed his request to reduce the sentence due to Williams' family responsibilities. The government opposed a sentence below the Guidelines range because of Williams' criminal history and conduct in the instant offense. The court then considered the 18 U.S.C. § 3553(a) sentencing factors, as well as Williams' request for a reduced sentence, and imposed a sentence of 77 months imprisonment, at the lowest end of the Guidelines range. Neither party raised an objection to this sentence. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

On appeal, it does not appear that Williams challenges the district court's denial of his request for a downward departure under § 5H1.6. This is with good reason. Because it is undisputed that the district court recognized its authority to depart from the guidelines, we have no discretion to review the denial of a departure. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007) (declining to review a district court's decision not to depart downward under § 5H1.6 when the court recognized it had the discretion to do so). Instead, Williams challenges the substantive reasonableness of his sentence.

We review a district court's sentence for procedural and substantive reasonableness under the deferential abuse of discretion standard. *United States v. Jimenez*, 605 F.3d 415, 419–20

(6th Cir. 2010). Because the sentence imposed on Williams falls within the properly calculated Guidelines range, we apply a rebuttable presumption that Williams' sentence is reasonable. *Id*. at 420; *see also Rita v. United States*, 551 U.S. 338, 347 (2007). We will bypass procedural-reasonableness review here because Williams does not contend that his sentence was procedurally unreasonable. *United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010).

**B. Substantive Reasonableness**

A substantive-unreasonableness claim is a claim that the length of the prison sentence is "greater than necessary" to achieve the sentencing goals set forth in § 3553(a). *Tristian-Madrigal,* 601 F.3d at 632–33. "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id*. (citation omitted). Here, Williams contends that his sentence is greater than necessary to fulfill the goals of § 3553(a) for two reasons: (1) the district court gave an unreasonable amount of weight to one sentencing factor, his criminal history, and (2) the district court did not give enough weight to the mitigating circumstances of his family situation. While we do not review a district court's denial of a departure under § 5H1.6, § 3553(a)(5) requires a district court to consider the Sentencing Commission's pertinent policy statements, including § 5H1.6, when imposing a sentence. 18 U.S.C. § 3553(a)(5); *see Carter*, 510 F.3d at 600–02. Thus, as part of our substantive reasonableness review, we do look at how the district court considered Williams' family circumstances in its analysis of the § 3553(a) factors. *Carter*, 510 F.3d at 601–02.

As a starting point, our review of the record shows that the court conducted a thorough analysis of the pertinent § 3553(a) factors. The court considered Williams' criminal history and the nature of his offense, *see* § 3553(a)(1), the need for the sentence to deter criminal conduct, *see* § 3553(a)(2)(B), the need to protect the public, *see* § 3553(a)(2)(C), the need to provide Williams with education and drug treatment, *see* § 3553(a)(2)(D), the uniformity captured in the Guidelines range, *see* § 3553(a)(6), and the lack of a need to provide restitution, *see* § 3553(a)(7). Likewise, the district court's analysis of each individual factor was careful and deliberate. For instance, in examining the nature of the instant offense, the district court balanced the fact that Williams possessed a firearm with the context that Williams did not brandish the firearm and did not appear to possess the firearm in connection with another felony offense.

In considering the need to protect the public and deter Williams from committing future crimes, the district court certainly gave strong consideration to Williams' extensive criminal history. However, Williams does not point to anything in the record that would suggest that the consideration of Williams' criminal history was impermissible. *Cf. Tristan-Madrigal*, 601 F.3d at 634 (describing cases where the district court impermissibly relies on a defendant's criminal history to make unfounded assumptions). Indeed, our own review of the record finds that there is no support to Williams' contention that the court placed an *unreasonable* amount of weight on Williams' criminal history. Instead, the record shows that the district court throughly reviewed each of Williams' previous crimes and noted how they affected its decision. Moreover, because Williams has a long and sometimes violent criminal history, it would have been quite reasonable for the district court to give considerable weight to that history. *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010)

(holding that it is reasonable for a defendant's long criminal history to cause the court to impose a lengthy sentence because criminal history is relevant to so many of the § 3553(a) factors). Furthermore, rather than placing an unreasonable amount of weight on Williams' criminal history, the record indicates that the district court actually reduced the amount of weight that it placed on Williams' criminal history because Williams had largely steered clear of committing any serious offenses between 2002 and the instant conduct.

Likewise, Williams' contention that the district court should have given more weight to his family circumstances is unfounded. First, it is important to note that courts are generally discouraged from reducing a defendant's sentence for family circumstances unless those circumstances are "exceptional." *United States v. Haj-Hamed*, 549 F.3d 1020, 1027 (6th Cir. 2008); *United States v. Reed*, 264 F.3d 640, 653–54 (6th Cir. 2001) ("This court has generally not approved of downward departures for family responsibilities based on a parent's obligation to a child."); *see also* U.S.S.G. § 5H1.6 ("In sentencing a defendant . . . family ties and responsibilities are not ordinarily relevant . . . ."). Even more unhelpful to Williams, our review of the record shows that the district court carefully considered Williams' family circumstances, decided that they were mitigating, and gave Williams a lower sentence as a result.

At the sentencing hearing, the court listened to defense counsel's explanation of Williams' tragic family circumstance, including how Williams' daughter requires constant assistance and how Williams also assists in the general care of his own mother. Williams, however, informed the court that other people take care of both his daughter and mother. The court acknowledged that Williams' circumstances were "tragic" but also noted that a sentence below the Guidelines range would not

necessarily remedy the situation because Williams would still be unable to provide care for an extended period of time. Indeed, the court noted that Williams' role as a secondary care-giver had already been interrupted because he had been incarcerated for several months. Still, the court specifically determined that Williams' family circumstances were mitigating.

Further, contrary to Williams' view, and despite the general discouragement against considering family circumstances, the district court actually gave weight to these circumstances and imposed a lower sentence as a result:

> I would actually, on this record, go in the upper end of the guidelines, but not for a few things. And I say that because of the seriousness of the offense and because of the seriousness of the nature of the criminal history . . . but the reason not to go there is a couple of things. One is, I'm looking at the gap in the history. Two, I'm looking at . . . his family situation.

Our case law recognizes that district courts have a "special competence" in determining whether family circumstances are so extraordinary to justify a lower sentence; thus we should generally defer to the district court's analysis. *Haj-Hamed*, 549 F.3d at 1028. This is particularly so in cases such as this one, where the district court has actually imposed a lower sentence as a result of the family circumstances and there is nothing in the record to suggest the district court's consideration of Williams' family circumstances constituted an abuse of discretion.

Ultimately, Williams has not rebutted the presumption that his sentence is reasonable because he has provided no support to his allegations of substantive unreasonableness. Merely arguing that the sentence imposed is longer than necessary is insufficient to rebut the presumption of reasonableness. *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006) ("[The] mere allegation that the sentence imposed is greater than necessary . . . is insufficient to rebut the presumption of

reasonableness."). Likewise, our own review of the record shows that the court's consideration of the § 3553(a) factors (including Williams' criminal history and family circumstances) and the resulting sentence was quite reasonable. This is particularly the case when the basis for Williams' request for an even lower sentence is discouraged. *See United States v. Odoms*, 341 F. App'x 142, 147 (6th Cir. 2009) (unpublished). While Williams' family circumstances are certainly tragic, his unhappiness with his sentence does not make the sentence unreasonable when the district court followed the mandate of § 3553(a) in all relevant respects. *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

## III. CONCLUSION

For these reasons, we affirm.