**UNITED STATES of America**

v.

**William J. HOFFA, Jr., Appellant.**

**No. 08–3920.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 28, 2009.

Opinion Filed Dec. 2, 2009.

Lisa B. Freeland, Federal Public Defender, Karen S. Gerlach (Argued), Assistant Federal Public Defender, Pittsburgh, PA, for Appellant.

Mary Beth Buchanan, United States Attorney, Robert L. Eberhardt (Argued), Assistant U.S. Attorney, Pittsburgh, PA, for Appellee.

Before: SMITH, FISHER and STAPLETON, Circuit Judges.

*OPINION OF THE COURT*

STAPLETON, Circuit Judge:

Appellant William J. Hoffa, Jr., pled guilty to one count of bank robbery and one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). The District Court sentenced him to a 115–month term of imprisonment on each count, with the two terms to be served concurrently. On appeal, Hoffa insists that the District Court violated 18 U.S.C. § 3582(a), as well as our decision in *United States v. Manzella,* 475 F.3d 152 (3d Cir.2007), when it determined the length of his imprisonment by taking into consideration his need of medical treatment for end-stage liver disease. Hoffa also contends that the District Court erred when it applied a three-level enhancement under U.S.S.G. § 2B3.1(b)(2)(E) for possessing or brandishing a gun. Because we find merit in Hoffa's § 3582(a) argument, we will vacate his sentence and remand for resentencing.

I.

In *Manzella,* we were called upon to reconcile the provisions of 18 U.S.C.

§ 3582(a) and the provisions of 18 U.S.C. § 3553(a). Section 3582(a) provides:

> **Factors to be considered in imposing a term of imprisonment**—The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Section 3553(a) provides in relevant part:

> **Factors to be considered in imposing a sentence**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> . . .
>
> (2) the need for the sentence imposed—
>
> . . .
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

In *Manzella,* we began by noting that " §§ 3553(a)(2)(D) and 3582(a) appear to be in conflict—the former requiring a sentencing court to consider a defendant's need for rehabilitation and the latter prohibiting it." *Manzella,* 475 F.3d at 157. We concluded, however, that "the supposed conflict is illusory." *Id.* We explained:

> The terms "sentence" and "imprisonment" in the Sentencing Reform Act are different—and are the key to understanding how §§ 3582(a) and 3553(a)(2)(D) operate in harmony. "Sentence" has broad meaning. It includes many types of possible punishment, only one of which is "imprisonment." *See* 18 U.S.C. § 3551(b) (authorizing sentences of fines, probation, restitution, forfeiture, and victim notice, in addition to imprisonment); *id.* § 3583 (providing for supervised release after a term of imprisonment). So understood, the "conflict" between §§ 3582(a) and 3553(a)(2)(D) wanes away: courts must consider a defendant's need for rehabilitation when devising an appropriate *sentence* (pursuant to § 3553(a)(2)(D)), but may not carry out that goal by *imprisonment* (pursuant to § 3553(a)).

*Id.* at 158 (emphasis in original). To illustrate the lack of conflict, we cited as examples of the appropriate implementation of § 3553(a) the imposition of probation or supervised release tailored to the defendant's rehabilitation needs, and the recommendation of a particular facility in situations where the defendant is to be sentenced to imprisonment for other purposes.

The sentencing court in *Manzella,* in explaining the reason for the length of the 30–month sentence imposed, found it "obvious that the short-term incarcerations and the drug treatment programs to date have not been sufficient to help [Manzella] work through her issues." *Id.* at 161. It sentenced her to thirty months because the "drug treatment program of 500 hours [was] the best program . . . available in the federal correctional system" and a sentence of not less than 30 months was required in order to participate in that program. *Id.* at 155. Based on this explanation, we concluded that the "Court set the length of Manzella's prison term solely for rehabilitative reasons." *Id.* at 161. While recognizing the District

Court's "good intentions," we found we had no alternative but to remand for resentencing.[1]

■ As in *Manzella,* Hoffa's sentencing judge acted with the best of intentions. He also, like the judge in *Manzella,* left no doubt that his sentence violated § 3582(a). His explanation of his sentence made it crystal clear that Hoffa's need for medical care was a primary reason for his imposing a sentence of imprisonment at the high end of the Guideline range. Early in the sentencing hearing, the judge addressed defense counsel as follows:

> THE COURT: Ms. Sims, you've made a rather extensive and well presented case with regard to the unfortunate circumstances that have surrounded this defendant's life, and you urged the Court to sentence the defendant at the low end or below the guidelines range. *I have to tell you that I believe that the principal factor that the Court should take into consideration in determining an appropriate sentence under 18 U.S.C. 3553(a) is the section of 3553(a)(2)(D) which indicates that the sentence should be one that considers the defendant's need for medical attention. I believe that is the overriding factor to be considered in this situation.* You make a strong argument for the defendant's need for medical attention. The fact that he is unable to provide it for himself on the outside, and, *in fact, I believe that the strongest argument for a sentence at the high end of the guidelines so as to provide adequate medical attention for the defendant is to be found on Page 14 of your memorandum in mitigation in which you state: "The circumstances of the offense are also mitigating. Mr. Hoffa was released*

*from prison after serving 20 years, with serious mental and medical problems.* His life was a struggle for survival. He was beset by his inability to find housing, his lack of basic necessities, his consuming fear regarding his health and lack of medical care, his struggles with drugs and alcohol, and his difficulty to adjusting to life outside prison."

> \* \* \*

> *It seems to me that a person with Hepatitis C, with final stage cirrhosis who cannot otherwise find medical help and other resources to provide him with the necessities of life at this stage requires the services that apparently only the government under these circumstances can provide.*

App. at 162–63 (emphasis supplied).

Following these remarks, defense counsel called § 3582(a) and *Manzella* to the Court's attention and quoted the text of the statute. The Court responded that it did not understand the terms "correction and rehabilitation" in the context of § 3582(a) to include medical care. When counsel expressed the understanding that "rehabilitation would cover medical rehabilitation," App. at 166, the Court once again candidly acknowledged the role that medical care was playing in its thinking:

> THE COURT: Use whatever term you want. If I'm wrong and if the circuit court wants to reverse me because included in my reasons for the sentencing of this defendant is the fact that he needs medical attention, then I need that kind of education.

App. at 166–67.

Finally, immediately prior to pronouncing sentence, the District Court summarized the reasons behind it. The principal factors which determined the sentence

---

1. We noted that on remand the District Court might find it appropriate to impose a sentence that "includes prison along with community confinement or home detention, which could be conditioned on attendance at a drug rehabilitation program." *Id.* at 162 n. 8.

were society's need to have Hoffa incapacitated and his need for medical care:

> I believe that from the portions of the defendant's statement that I have read that he is unable and has been unable to obtain adequate medical attention on the outside. He has a serious medical condition, hepatitis C, and however it's termed, final stage cirrhosis, that needs to be treated and those can be treated to a certain extent. His social workers have indicated that treatment is not really available on the outside on a regular basis, so I believe that a factor that should be taken into consideration is the defendant's need for medical attention and the fact that he will get medical attention from the Bureau of Prisons.
>
> The principal factor that the Court takes into consideration here in addition to the medical is the need to protect the public and to incapacitate the defendant. He has had adequate opportunity by his age, 49, to comply with the law and he has been unable or unwilling to do that, therefore, I believe the public at this point needs to be protected from the defendant.

App. at 180–81.

Based on the District Court's forthright explanation of its sentence, there can be no

conclusion other than that Hoffa's need of medical care was a principal factor in his receiving a sentence of incarceration at the top of the Guideline range. Given that conclusion and our decision in *Manzella*, we have no choice but to find a violation of § 3582(a) and remand for resentencing. We do so reluctantly because we are confident that the District Court believed it was acting in Hoffa's best interests. Hoffa is entitled to take issue with this view, however.

The government does not contend that medical care is not rehabilitation within the meaning of § 3582(a).[2] Its position is rather that § 3582(a) was violated in *Manzella* only because the Court set the length of Manzella's prison term "solely for rehabilitative reasons." Appellee's Br. at 18 (quoting from *Manzella*, 475 F.3d at 161). The government correctly quotes from the Court's summary of its holding and correctly points out that the need for medical care was not the *sole* determining factor here. However, its conclusion that Hoffa's sentence does not violate § 3582(a) is flawed.

The *Manzella* Court phrased the summary of its holding as it did because re-

---

**2.** This is, of course, understandable. As we have indicated, *Manzella* held that treatment for drug addiction was rehabilitation within the meaning of § 3582(a). Given the lack of a material distinction between treatment for drug addiction and treatment for liver disease, *Manzella* governs here.

In the course of concluding that treatment for drug addiction was rehabilitation, the *Manzella* Court looked for guidance to 28 U.S.C. § 994(k). Like § 3582(a), that section was adopted as part of the Sentencing Reform Act. *See* Pub.L. 98–473, Title II, ch. II, § 217(a), 98 Stat.1987 (1984). It provides:

> (k) The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the

defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment.

Given "the sections' common origin and remarkably similar wording," the *Manzella* Court found § 994(k) "to be instructive to [its] understanding of § 3582(a)." *Id.* at 158 n. 2. It understandably concluded that the concern which motivated Congress' § 3582(a) instruction to the courts was coextensive with the concern that motivated its § 994(k) instruction to the Sentencing Commission. In *United States v. Watson*, 482 F.3d 269 (3d Cir.2007), we applied § 3582(a) in the context of a defendant with AIDS and a resulting need of medical care.

habilitative reasons were the sole determining factor there. It held as it did, however, because § 3582(a) dictates that "imprisonment is not an appropriate means of promoting ... rehabilitation." It follows that rehabilitation cannot be used to justify imprisonment or imprisonment for a particular period of time. As we explained in *Manzella,* Congress intended a scheme in which "incarceration would have to be justified by such traditional penological purposes as incapacitation, general deterrence, specific deterrence, and retribution." *Manzella,* 475 F.3d at 158 (quoting from *United States v. Maier,* 975 F.2d 944 (2d Cir.1992)). Section 3582(a) simply cannot be fairly read to sanction prison terms like Hoffa's which are justified in part by rehabilitation and in part by traditional penological purposes.

█ This is not to say, of course, that where an imprisonment and its length are justified by such traditional penological purposes the sentencing judge may not anticipate and approve the defendant's participation in a rehabilitation program. Indeed, as we indicate in *Manzella,* the sentencing judge is free to recommend that such a program be made available. Consistent with § 3582(a), however, a sentencing court may not impose a sentence of imprisonment for a period of time it would not impose in the absence of a rehabilitation program.

Given the Court's perception of the need to incapacitate Hoffa, one can safely predict that a sentence of imprisonment would have been imposed in his case even in the absence of a need for medical care. One cannot safely predict, however, the length of the imprisonment that would have been imposed absent that need. While it is conceivable that at Hoffa's resentencing,

the District Court may conclude that a sentence of 115 months is required by the need to incapacitate him, his need of medical care clearly played a role in the fashioning of the current sentence.

For the foregoing reasons, we conclude that Hoffa has carried his burden of demonstrating that his sentence violated § 3582(a), *United States v. Watson,* 482 F.3d 269, 275 (3d Cir.2007), and we will, accordingly, remand for resentencing.

## II.

█ In calculating the appropriate Guideline range, the District Court applied a three-level enhancement under U.S.S.G. 2B3.1(b)(2)(E). Hoffa contends that it did so without evidentiary support.

U.S.S.G. § 2B3.1(b)(2)(A)-(F) provides:

(A) If a firearm was discharged, increase by 7 levels; (B) if a firearm was otherwise used, increase by 6 levels; (C) if a firearm was brandished or possessed, increase by 5 levels; (D) if a dangerous weapon was otherwise used, increase by 4 levels; (E) if a dangerous weapon was brandished or possessed, increase by 3 levels; or (F) if a threat of death was made, increase by 2 levels.

Application Note 2 to U.S.S.G. § 2B3.1 provides: [3]

2. Consistent with Application Note 1(d)(ii) of § 1B1.1 (Application Instructions), an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if (A) the object closely resembles an instrument capable of inflicting death or serious bodily injury; *or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (e.g., a defendant wrapped*

---

**3.** The 2007 edition of the Guidelines Manual was used by the District Court.

*a hand in a towel during a bank robbery to create the appearance of a gun).*

U.S.S.G. § 2B3.1, cmt. n. 2 (2007) (emphasis supplied).

During his change of plea proceedings, Hoffa admitted (1) that he robbed the Parkvale Bank in Uniontown, Pennsylvania, on December 24, 2007; (2) that he "kept his hand in [his] pocket to indicate he had a weapon;" and (3) that he told the teller, "If I pull it out, I'll use it.'" App. at 66, 69. The teller told the investigating officers that she believed the suspect had a gun in his pocket.

> The District Court made the following findings: [T]he evidence demonstrates that defendant did not "merely" have his hand in his pocket, but that he used it to create the appearance that he was carrying a firearm. The criminal complaint affidavit states that the CS told agents that defendant had indicated that he had used his finger to suggest that he had a firearm. In addition, an FBI document summarizing defendant's interview indicates that defendant told FBI agents that "[h]e had kept his hand in his pocket to indicate that he had a weapon." Along with his statement that "if I have to pull it out, I'll use it", defendant's act of placing his hand in his pocket clearly was intended to create the impression that he was armed. Accordingly, the three-level increase under § 2B3.1(b)(2)(E) is warranted in this case.

App. at 4.

Hoffa insists that only a two-level enhancement was appropriate because he did nothing other than threaten the teller. The District Court found, however, that he purposefully conveyed the impression that he possessed a gun and that finding is not clearly erroneous. A three-level enhancement was accordingly appropriate. *United States v. Dixon,* 982 F.2d 116 (3d Cir. 1992).

## III.

The sentence of the District Court will be vacated, and this matter will be remanded to the District Court for resentencing.