NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0265n.06

No. 10-5309

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 26, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| LONNIE R. JUDE, | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**PER CURIAM.**  Lonnie R. Jude pled guilty to distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to nine months in prison.  He appeals, arguing that the district court abused its discretion by sentencing him to a term of imprisonment instead of probation.  We AFFIRM.

"The touchstone of appellate review of a district court's sentencing decision is reasonableness, a concept that has both a procedural and substantive component." *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010).  Here, Jude challenges only the substantive reasonableness of his sentence.  To determine if a sentence is substantively reasonable, we consider whether the length of the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a), *United States v. Harmon*, 607 F.3d 233, 240 (6th Cir. 2010)

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

(internal quotation marks omitted), "'tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Jimenez*, 605 F.3d 415, 420 (6th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Where, as here, the defendant is sentenced within a properly calculated Guidelines range, we apply a presumption of substantive reasonableness. *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). We consider the substantive reasonableness of a sentence under an abuse of discretion standard. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010).

Under § 5B1.1(a) of the U.S. Sentencing Guidelines Manual, the district court may sentence a defendant to probation if his resulting Guidelines range is in Zone B of the sentencing table. Jude's established range, which was six to twelve months, fell within this zone. Jude argues on appeal that the district court should have imposed probation because his criminal conduct was minimal; his prior convictions were misdemeanors resulting only in fines or probation; his "prior encounters" with the state domestic violence system "were ultimately dismissed;" and he had extensive family ties, was lacking in education, had remained steadily employed when work was "available," and had no history of mental health or substance abuse treatment.

While the Guidelines permit imposition of a term of probation, the sentencing court is not required to do so. Here, the district court sentenced Jude in the middle of the established Guidelines range, making his sentence presumptively reasonable. Further, the court explained that although Jude's criminal history did not include "major crimes," his criminal conduct was escalating, the sentence needed to reflect the seriousness of Jude's crime, and a term of imprisonment would serve as a deterrent. Thus, we cannot find that the court abused its discretion in sentencing Jude to nine

months of imprisonment. *See United States v. Johnson*, Nos. 92-5459 & 92-5477, 1993 WL 133801,

at *7 (6th Cir. Apr. 28, 1993). Accordingly, we AFFIRM the sentence imposed by the district court.