**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4334**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

PAUL G. HIMES, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:09-cr-00020-REM-JSK-1)

Submitted: June 30, 2011        Decided: July 21, 2011

Before GREGORY, WYNN and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant. Betsy C. Jividen, United States Attorney, Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul G. Himes, Jr. appeals his 34-month sentence imposed after pleading guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Himes contends that the district court erred when it considered the promotion of rehabilitation in sentencing him to a term of imprisonment. The Supreme Court recently held in Tapia v. United States, 131 S. Ct. 2382 (2011), that a court may not impose or lengthen a prison sentence to promote rehabilitation. Accordingly, we vacate the district court's judgment and remand for resentencing consistent with Tapia.

I.

A federal grand jury indicted Himes on four counts of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). According to the indictment, Himes stole the firearms while working as a seasonal employee at a UPS distribution center in West Virginia. Himes subsequently executed a written plea agreement and entered a plea of guilty to count one of the indictment.

At sentencing, the district court calculated Himes's advisory sentence range under the United States Sentencing Guidelines as 21 to 27 months' imprisonment. Himes argued that the district court should vary downward from the Guidelines

2

range or, at least, impose a sentence at the low end of the range. In response, the government suggested a sentence of more than 30 months so that Himes would be eligible for the Bureau of Prisons Residential Drug Abuse Program ("RDAP"). The government had previously raised this issue in its sentencing memorandum, explaining that Himes would require a sentence greater than 30 months to ensure his eligibility for the RDAP.

The district court agreed with the government and sentenced Himes to 34 months in prison. The court explained its decision to vary upward from the Guidelines range as follows:

> I have increased the sentence to 34 months so that after the time served and the time it takes to designate a facility, that Mr. Himes will have 30 months or so remaining on his sentence. I think the most important thing for this young man's life is that he deal with and conquer his drug problem and I think that the only way this Court sees to accomplish that end, is for him to participate in the 500 hour residential drug abuse treatment program and that will provide enough time for him to be admitted to the program and complete that program.

J.A. 56–57. The district court stated explicitly that it selected the length of Himes's sentence "based upon Defendant's need for the RDAP program." Id. 57.

Himes objected to the sentence and timely appealed. On appeal, Himes contends that the district court violated 18 U.S.C. § 3582(a) by imposing a term of imprisonment to promote rehabilitation. Specifically, Himes argues that the district

3

court erred when it determined the length of his prison sentence based on his eligibility for the RDAP.

We placed the matter in abeyance pending the Supreme Court's decision in Tapia. In light of the Court's recent holding, Himes filed a motion to remand, in which the government joined, requesting that we vacate the district court's judgment and remand for resentencing. For the reasons that follow, we agree and grant the requested relief.

II.

We review a sentence imposed by the district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error." Id. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard.' " United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

4

Section 3582(a) lists the factors that a district court should consider when imposing a term of imprisonment. In relevant part, section 3582(a) states as follows:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, <u>recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.</u>

18 U.S.C. § 3582(a) (emphasis added).

Historically our sister circuits have split in their interpretation of § 3582(a). Several circuits have held that § 3582(a) bars courts from considering rehabilitation only when imposing a term of imprisonment, and not when deciding on its length. E.g., <u>United States v. Jimenez</u>, 605 F.3d 415, 424 (6th Cir. 2010); <u>United States v. Duran</u>, 37 F.3d 557, 561 (9th Cir. 1994). Other courts have ruled that § 3582(a) bars a court from either imposing or increasing a term of imprisonment to promote rehabilitation. E.g., <u>United States v. Manzella</u>, 475 F.3d 152, 160–61 (3d Cir. 2007).

In <u>Tapia</u>, the Supreme Court resolved the split and ruled that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." <u>Tapia</u>, 131 S. Ct. at 2393. In <u>Tapia</u>, the sentencing court noted that the defendant

5

should serve a prison sentence long enough to qualify for the RDAP. Id. at 2385. Specifically, the district court stated:

> The sentence has to be sufficient to provide needed correctional treatment, and here I think the needed correctional treatment is the 500 Hour Drug Program. . . . I am going to impose a 51-month sentence, . . . and one of the factors that affects this is the need to provide treatment. In other words, so she is in long enough to get the 500 Hour Drug Program, number one.

Id. The Supreme Court held that the district court's consideration of eligibility for the RDAP violated the prohibition in § 3582(a) on considering rehabilitation when deciding whether to impose or lengthen a term of imprisonment. Id. at 2393.

In this case, as in Tapia, the district court erred by considering Himes's need for rehabilitation when it imposed a term of imprisonment. The district court focused on the need for a prison sentence of sufficient length to ensure Himes's eligibility for the RDAP and selected a sentence above the Guidelines range to accomplish that purpose. It is clear after Tapia that § 3582(a) prohibits such a consideration.

Furthermore, based on our review of the record, we have no trouble finding that the district court's concern for promoting Himes's rehabilitation was the primary, if not the sole, basis for the 34-month term of imprisonment. The government argued both prior to and during sentencing that the

district court should impose a sentence of at least 30 months to ensure Himes's eligibility for the RDAP. During the sentencing hearing, the district court focused on Himes's need for the RDAP in calculating its upward variance sentence. Finally, the district court made clear that rehabilitation was central to its decision when it concluded, "So based upon Defendant's need for the RDAP program, I have imposed the sentence." J.A. 57.

Because it is now clear that § 3582(a) "precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation[,]" Tapia, 131 S. Ct. at 2385, we vacate the judgment of the district court and remand for a new sentencing hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

7