**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0488n.06

No. 11-5614

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 09, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  MIDDLE |
| PRINCETON DEONTA PILLOW, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GIBBONS, ROGERS, and COOK, Circuit Judges.

**PER CURIAM.** Princeton Deonta Pillow, a federal prisoner, appeals the sentence imposed following his 2010 guilty plea to a charge of possession of a firearm by a felon.

Pillow was on probation for a state court conviction when he arrived at the office of his probation officer for a regular visit.  Officials had decided to search all the cars that parked in the office lot that day.  Search of Pillow's car revealed a gun and ammunition in a duffel bag in the trunk.  Pillow acknowledged possession of the weapon and entered a guilty plea.  The presentence report prepared in this case calculated the guidelines sentencing range to be 57 to 71 months of imprisonment.  Pillow argued that a downward variance was appropriate due to his troubled childhood, the high base offense level applied to his offense, the purported ineffectiveness of long sentences as a deterrent, and the small quantities of drugs involved in Pillow's previous convictions, which included possession of cocaine, marijuana, crack cocaine, and Xanax, and possession of

cocaine with the intent to distribute it. The district court found that a variance was not appropriate and sentenced Pillow to 57 months of imprisonment, at the bottom of the guidelines range.

On appeal, Pillow challenges the substantive and procedural reasonableness of his sentence, repeating the arguments he raised below and contending that the district court failed to explain why his arguments were rejected and presumed the guidelines sentencing range was reasonable. He also argues that the district court erroneously found that Pillow was taking a firearm to his meeting with his probation officer.

We review a criminal sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A within-guidelines sentence is presumed to be substantively reasonable. *See United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007). Also, when the sentence imposed is within the guidelines range, the explanation of the sentence need not be lengthy so long as the record shows that the court considered all of the arguments presented. *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009).

Pillow reasserts his challenge to the guidelines calculation for his offense, and cites *United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009), for the proposition that a district court can disagree with a guidelines range on policy grounds. However, the district court is not required to accept a defendant's challenge to the guidelines on policy grounds, *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011), but may reject a defendant's policy-based argument in its discretion. *United States v. Campos-Chavez*, 422 F. App'x 438, 441-42 (6th Cir. 2011) (per curiam). Review of the transcript in this case satisfies us that the district court considered the arguments presented by Pillow and explained adequately that it did not agree with them. *See*

*Brooks*, 628 F.3d at 796. The district court disagreed, in its discretion, with the arguments that the guidelines for possession of a firearm by a felon are unreasonably high, and that longer sentences are not effective deterrents. The district court also specifically addressed the arguments regarding Pillow's history and characteristics. Nothing in the record suggests that the district court blindly imposed a guidelines sentence on the ground that such a sentence was reasonable.

Pillow also argues that the district court erred in finding that he was taking a weapon to his meeting with his parole officer. The transcript shows, however, that the district court specifically stated that he was "not suggesting Mr. Pillow was going in to harm his probation officer, but even a gun on the premises is very, very dangerous." This argument is therefore without merit.

That the district court could have imposed a shorter sentence does not demonstrate an abuse of discretion. *United States v. Smith*, 516 F.3d 473, 478 (6th Cir. 2008). A defendant's wish for a more lenient sentence is insufficient to disturb the judgment of the district court. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Accordingly, we affirm the district court's judgment.